DOWNEY, Judge.
This is an appeal by the state from an order quashing an indictment which charged appellee with violating the following portions of the state election laws: §§ 104.041, 104.051(3), and 104.061, F.S.
The following are the facts of the case as disclosed by the deposition of the City Clerk of Longwood, Florida. On December 5, 1972, the day the City of Longwood held a municipal election, a city official (who was also a candidate seeking to he elected to a municipal office) saw eight absentee ballots on the desk of the city clerk and told the clerk that the ballots were illegal because “they do not have a postmark.” Being unsure of the status of the eight absentee ballots, the clerk telephoned appellee (who at the time in question was the mayor of Longwood and also a member of Longwood’s Canvassing Election Board, but who was not a candidate in the election in question) and informed him that the city official had questioned the validity of the absentee ballots. Appellee replied that he disagreed with the city official’s opinion but that he would obtain an immediate legal opinion as to the validity of the ballots. Appellee interrupted his telephone conversation with the clerk to obtain the opinion. When he resumed the conversation, appellee told the clerk that he had obtained a legal opinion that the ballots were valid. Appellee further declared that the ballots would be counted in the morning. However when morning came, appellee, after a conversation with the city official who had raised the question of the validity of the ballots, directed the clerk to “take those ballots and throw them out, get rid of them.” He further told the clerk “on the advice of counsel, we are not going to count them, throw them out.” Thereupon the clerk tossed the ballots into a waste basket. Appellee returned a few minutes later and asked where the ballots were. When the clerk told appellee where they were, appellee directed the clerk to “get them out, and put them away, in a drawer some place, hold on to them.” Ap-pellee also said that “we are not going to count them, but just hold on to them” and that the ballots could only be counted by court order. The city clerk thereupon removed the ballots from the waste basket and placed them in a safe. It is undisput *489 ed that the ballots were not counted in the election.
In February 1973, the Seminole County Grand Jury indicted appellee, charging-him, in his capacity as mayor and as a member of the Election Canvassing Board, with (1) unlawfully and knowingly preventing absentee ballots from being considered and counted in the city election by corruptly ordering the city clerk to hold sealed ballots and advising her they would not be counted, and (2) interfering with the free exercise and suffrage of electors of the City of Longwood.
Upon appellee’s motion, the court after hearing lengthy argument in which the state took the position that appellee’s crime consisted of the wrongful withholding of the eight absentee ballots regardless of their validity (it being undisputed that the one ballot which was opened in the presence of the grand jury was, under Long-wood’s charter, invalid), entered an order quashing the indictment. That order, as we read it, is based on two grounds: (a) under the Corrupt Practices Act, one cannot be guilty of an offense involving ballots if the ballots involved in the purported offense are invalid; and (b) the court was without jurisdiction in the cause because the Corrupt Practices Act portion of the state election laws does not apply to a municipal election held in a municipality that has not adopted the state election laws in accordance with § 104.45, F.S. The question we must resolve is whether the two foregoing conclusions of the circuit court are correct.
In 1951 the legislature enacted The Florida Election Code, which embraces Chapters 97 through 104, F.S. 1971. Among other things, said chapters include provisions dealing with the qualification and registration of electors, the regulation of candidates and campaign expenses during elections, procedures for conducting elections, the forms to be used for ballots, procedures for tabulating votes, specification of violations of the election laws and penalties therefor. The Corrupt Practices Act, initially passed in 1913 and carried forward into Chapter 104 by the 1951 enactment, makes unlawful a variety of acts which subvert the elective process, e. g., false swearing, fraud in connection with casting a vote, corruptly influencing voters, illegal voting, and any act by an official who wilfully and fraudulently violates any of the provisions of the election code. Section 104.45 of said chapter provides:
“Upon presentation of a petition signed by twenty-five qualified electors in a municipality, a municipality may upon official approval by the governing authority-under the charter, adopt the state election laws for conducting a municipal election. In such event the words ‘city clerk or appropriate official’ are inserted wherever the words ‘supervisor of elections’ appear.”
During oral argument before this court the state conceded that the City of Longwood has not adopted the state election laws pursuant to § 104.45. However, the state maintains that § 104.45 pertains only to the procedural aspects of conducting a municipal election; since the City of Longwood did not adopt the state election laws for conducting a municipal election, the procedural aspects of the general law for conducting an election do not apply to the City of Longwood. But the state contends that the corrupt practices prohibited by Chapter 104, F.S., and the penalties provided therefor, apply to all elections in this state — including municipal elections — whether or not a municipality acts in accordance with § 104.45.
We agree with the state’s position that § 104.45 pertains only to the procedural aspects of conducting elections and that the prohibitions of and penalties for corrupt practices contained in Chapter 104 apply to all elections in this state, including municipal elections. The rationale of his *490 holding is well stated by the Attorney General in his opinion number 064-3, respecting the applicability of Chapter 104 to a municipal election, absent the municipality’s compliance with § 104.45, wherein he said:
“Examination of such provisions in toto [the provisions of Chapter 104] made it quite clear that the legislature intended to maintain the purity of elections. Elections, be they of officers on the federal, state, county or municipal level, are at the heart of a free democracy. Without purity in the election process, our entire system of government will decay. That the prohibitions against corrupt practices contained in Ch. 104, F.S., are applicable to .municipal elections seems without doubt, for corruption is no less iniquitous when occurring in a municipal election than in a state or county election.
“In reviewing the provisions of various sections of Ch. 104, relating to corrupt practices, we note no words of limitation whereunder the prohibitions could be said, to be limited to state or county elections. Section 104.011, relating to false swearing or procurement thereof, uses general language connecting such practices with ‘ . . . voting, registration or elections. . . . ’ Section 104.031, relating to making false declarations and assistance in the preparation of a ballot, uses the general wording ‘ . . .in any election. . . . ’ Section 104.041, relating to fraud in connection with casting votes, uses the language ‘ . . . fraud in connection with any vote. . . . ’ Section 104.061(2), relating to corruptly influencing voting, uses the language ‘No person in the furtherance of or in opposition to the candidacy of any person for nomination or election in any election shall give or promise. . . . ’ Section 104.15, relating to unqualified persons voting, uses the language ‘ . . . wilfully votes at any election . ’
“The above are only a few of the examples showing that the legislature in choosing the language prohibiting the corrupt practices described in the various sections of Ch. 104 used language reflecting an intent that the corrupt practices proscribed against were not to occur in any election. This conclusion finds ample support in Ex Parte Senior; [37 Fla. 1] 19 So. 652, as well as other cases cited herein.
“To hold that the above enumerated corrupt practices are prohibited only in state or county elections would of necessity lead to the conclusion that the-legislature considered such acts permissible in municipal elections. It goes without saying that to so hold approaches the unthinkable.
“Our attention is directed to the provisions of § 104.45, F.S., which provides that upon presentation of a petition signed by 25 qualified electors in a municipality, a municipality may upon official approval by the governing authority under the charter adopt the state election laws for conducting a municipal election. That a municipality has not formally adopted the state election laws for conducting a municipal election, as provided in § 104.45, does not lead us to perceive collision with the applicability of the corrupt practices provisions in Ch. 104 to municipal elections. The reference found in the statute to such adoption can only affect the ‘procedural’ aspects of conducting a municipal election.”
Appellee contends that since the absentee ballot viewed by the grand jury was invalid there can be no violation of law, as a void ballot does not constitute a vote within the meaning of § 104.041, F.S. We reject that suggestion, because § 104.041 includes within its proscriptions attempts *491 to perpetrate the prohibited conduct. Thus whether or not the ballot was valid, one can be guilty of an attempt to perpetrate a fraud prohibited by the statute.
With regard to Count II of the indictment, appellee argues that since the ballot was invalid, appellee’s alleged conduct could not constitute an interference with the exercise of the right of suffrage. While we are unable to accept that argument insofar as it is based on the invalidity of the ballot, we do note that appellee is charged with violating § 104.061, F.S., by unlawfully and corruptly ordering the city clerk to throw out sealed absentee ballots cast by electors in a city election, thus interfering with their free exercise of the right of suffrage in said election. However, examination of Count II in light of § 104.061, convinces us that the offense with which appellee was charged (wrongfully withholding eight absentee ballots) does not fall within the purview of § 104.061, which section proscribes conduct intended to influence a voter in an unlawful manner. However, the charge contained in Count II may constitute a violation of § 104.22, F.S., which proscribes certain conduct relative to election materials and records. Since a mistake in statutory citation is not a ground for dismissing a charging document (Rule 3.140(d)(1), RCrP, 33 F.S.A.), appellee’s contention that Count II was properly dismissed is also unacceptable.
It should be noted that we do not have before us nor do we decide the question whether the acts of the appellee, as set forth in the deposition of the city clerk, constitute a violation or violations of the Corrupt Practices Act.
Accordingly, the order appealed from is reversed and the cause is remanded with directions to reinstate the indictment and for further proceedings.
CROSS, J., and SCHWARTZ, ALAN R., Associate Judge, concur.